# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JAME L. RUBOTTOM- LANGENECKERT )<br>)<br>    Plaintiff,       )<br>vs.                                  )<br>)<br>LELAND DUDEK,[1],       )<br>)<br>    Defendant.      )  | Case No. 1:24-cv-00067-SEP |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Leland Dudek, the Acting Commissioner of Social Security, denying the application of Plaintiff Jamie L. Rubottom-Langeneckert for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.  BACKGROUND**

On November 3, 2017, Plaintiff filed for DIB and SSI (Tr. 326), alleging that she had been unable to work due to disability since February 26, 2014. Plaintiff alleged disability due to preeclampsia, attention deficit disorder, social anxiety, panic attacks, and depression. (Tr. 389). Her application was denied, and Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 197-202).

In an opinion issued on October 23, 2019, the ALJ found Plaintiff was not disabled as defined in the Act. (Tr. 157-76). Plaintiff appealed the decision, and on a motion by the Commissioner, the United States District Court for the Eastern District of Missouri remanded the case for additional administrative proceedings. (Tr. 1696-1703). Following remand, the ALJ held a new hearing and again issued an unfavorable decision on December 15, 2023. (Tr. 9-33).

---

[1] Leland Dudek became Acting Commissioner for the SSA in February 2025. Pursuant to Federal Rule of Civil Procedure 15(d), Dudek is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Acting Commissioner of the Social Security Administration.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.  At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy,* 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

---

[2] All references are to the version of the regulations in effect on the date of the ALJ's decision.

2

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, and conducting the required bifurcated analysis applicable when a claimant has substance use disorder,[3] the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 26, 2014; that Plaintiff has the severe impairments of attention deficit hyperactivity disorder,

---

[3] The SSA does not consider drug addiction or alcoholism, standing alone, to be disabling impairments. 42 U.S.C. §§ 223(d)(2)(C). In cases involving drug and alcohol abuse (DAA), the regulations provide that if a claimant's impairments would not be disabling absent DAA, the DAA is material to the determination of disability. *See* 20 C.F.R. §§ 404.1535 and 416.935. The regulations require a bifurcated sequential analysis that must be performed in cases involving DAA. *Id*. Pursuant to that analysis, the ALJ first considers all of a claimant's impairments, including DAA, in assessing the RFC and the claimant's ability to perform work. *Id*. Upon finding that the claimant is disabled when DAA is considered, the adjudicator must then determine whether the combined effect of any severe impairments, aside from DAA, results in an RFC finding that allows or precludes work. *Id*. To assess the impact of DAA, the adjudicator must determine whether DAA is material to the determination of disability. *Id*. DAA is material if the claimant's other impairments would improve to the point that he or she would not be disabled in the absence of DAA. *Id*. If so, the claim is denied. *Id*.

depressive disorder, anxiety disorder, and substance abuse disorder; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 1557-60). After consideration of the entire record, including Plaintiff's substance use disorder, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels but with certain non-exertional limitations: she was limited to simple, routine tasks and simple work-related decisions; she could have no interaction with the public, with no handling of customer complaints and only occasional decision making and changes in work setting; she could not perform fast-paced work, such as work on an assembly line, and she would miss two or more days of work per month. (Tr. 1560). The ALJ found that Plaintiff's impairments precluded her from her past relevant work as a nurse. (Tr. 1565). Additionally, when considering her RFC including the substance use disorder, the ALJ determined that her ability to perform work at all exertional levels was so compromised by non-exertional limitations that there were no jobs in the national economy that Plaintiff could have performed. (Tr. 1565-66).

The ALJ then went on to consider Plaintiff's limitations without the substance use disorder, and found that if she stopped abusing substances, she would still have severe impairments that affect her RFC. (Tr. 1566). He determined that if she stopped the substance use, she would not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. The ALJ then found that if Plaintiff did not engage in substance abuse her RFC would be identical to the one stated above, except that she would *not* miss two or more days of work per month. (Tr. 1567-68). Taking into account this RFC, and considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff would have been able to perform some occupations, including mail room clerk (Dictionary of Occupational Titles (DOT) No. 209.687-026, light exertion level, 30,000 jobs in the national economy), housekeeping cleaner (DOT No. 209.687-014, light exertion level, 50,000 jobs in the national economy), and copy machine operator (DOT No. 207.685-014, light exertion level, 15,000 jobs in the national economy). (Tr. 1570). The ALJ concluded that her "substance use disorder was a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use." (Tr. 1570). Because her substance use disorder was a contributing factor, the ALJ concluded that Plaintiff

4

was not disabled, as defined in the Act, from the alleged onset date through the date of the decision.  *Id*.

### IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from it. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### V.   DISCUSSION

Plaintiff argues that the ALJ did not properly determine that substance abuse was material to the determination of disability, did not properly develop the record, and did not properly evaluate opinion evidence.  Defendant counters that the ALJ properly considered Plaintiff's substance abuse and determined that it was a contributing factor material to the

5

determination of disability. Defendant also contends that the ALJ fully developed the record, that the ALJ properly considered and evaluated the medical opinions, and that substantial evidence otherwise supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on review of the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because there is substantial evidence that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit. The record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and that the ALJ could have reached a different conclusion. But this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record, and the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 24th day of March, 2025.

                                                                                       _____
                                                                                       SARAH E. PITLYK
                                                                                       UNITED STATES DISTRICT JUDGE